|, LANDRIEU, J.,
concurring with reasons.
I concur in the result reached by the majority affirming liability and reducing the amount of damages awarded to three of the plaintiffs; however, with regard to Marion Cooper, I would further reduce the award, as follows.
Mrs. Cooper was awarded $1,600,000 in general damages by the trial court, which the majority reduces to $800,000. Considering that Mrs. Cooper’s injury consisted of, at most, aggravation of a pre-existing back condition, I believe the highest general damage award reasonably within the trial court’s discretion is $400,000. Although the three prior cases cited as illustrative by the majority (Gray Ins. Co. v. Hunter; supra; Davis v. Kreutzer, supra; and Hutchinson v. Wal-Mart, supra, with general damage awards ranging from $250,000 to $400,000) involved similar back injuries, none concerned the aggravation of a pre-existing injury. In view of Mrs. Cooper’s “long history of pre-existing medical problems,” acknowledged by the majority, I find that any award higher than $400,000 would be an abuse of discretion.
Additionally, I believe the trial court abused its discretion in awarding $244,659 to Mrs. Cooper for lost wages and loss of earning capacity. Mrs. Cooper has the burden of proving she suffered a loss of income due to the injuries she received in the accident, and the extent of that loss. To meet this burden, plaintiff Umust prove the length of time she missed work due to the accident; other considerations include plaintiffs physical condition prior to the accident, her work record, the extent of her earnings, and the probability that she would have earned similar wages in the future but for the disability. Whited v. Home Depot U.S.A., Inc., 27,938 at p.5 (La.App. 2 Cir. 8/3/96), 712 So.2d 97, 105, unit denied, 96-2340 (La.11/22/96), 683 So.2d 282 (citations omitted).
Mrs. Cooper was fifty-five years old at the time of trial. The recommendations of plaintiffs expert economist, Dr. Wolfson, regarding Mrs. Cooper were based upon her having worked and continuing to work full time, earning wages of $7.50 per hour, or $25,387 per year, for ten years, until she reaches the age of sixty-five. However, evidence introduced by the defendants showed that Mrs. Cooper had a history of work absences due to prior injuries and illnesses. Dr. Wolfson’s testimony was clearly refuted by the introduction of Mrs. Cooper’s tax returns showing annual income of approximately $7,500 in 1991 and 1992, $9,105 in 1995, and no income in 1993, 1994 or 1996. In view of this evidence, I believe the trial court erred in awarding Mrs. Cooper $244,659 in lost wages and lost earning capacity. I would reduce this award to $100,000, which I find to be the highest amount reasonably within the trial court’s discretion